UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 21-cv-20904-PCH/Becerra

TERRY MCLEOD

    Plaintiff,

v.

KILOLO KIJAKAZI,[1] Commissioner of
Social Security Administration,

    Defendant.
_____/



## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court on the Parties' Cross Motions for Summary Judgement [ECF Nos. 20, 23]. The Court referred this case to the Honorable Magistrate Judge Becerra for a Report and Recommendation ("R&R") [ECF No. 2]. On July 6, 2022, Magistrate Judge Becerra issued the R&R recommending that the case be remanded to the Commissioner for an evaluation of one of the medical opinion's in accordance with the regulatory requirements [ECF No. 31]. The R&R made three findings: (i) the Residual Functional Capacity ("RFC") determination is not supported by substantial evidence because the Administrative Law Judge's ("ALJ") decision fails to weigh one of the medical opinions in accordance with the regulatory requirements; (ii) the ALJ's opinion at step five is supported by substantial evidence because the ALJ identified any potential conflict and resolved it; and (iii) Plaintiff's constitutional claim fails. Thus, the R&R recommended that Plaintiff's Motion for Summary Judgment [ECF No. 20] be granted in part and denied in part and Defendant's Motion for Summary Judgement [ECF No. 23] also be granted in part and denied in part. On July 20, 2022, Defendant filed Objections ("Objections") [ECF No. 32] to the R&R.

---

[1] Although the case style originally listed Andrew Saul as Defendant, Kilolo Kijakazi is now the Commissioner of Social Security and is automatically substituted as Defendant pursuant to Federal Rule of Civil Procedure 25(d).

Defendant objects to the R&R's first finding, that the ALJ failed to appropriately weigh the treating physician's medical opinion in accordance with the regulatory requirements, for six reasons. Defendant argues that the R&R:

> (1) misstates the significance of treating physician opinions under the agency's new medical evidence rules while relying on a vacated portion of an Eleventh Circuit decision; (2) applies an articulation standard not found in the agency's regulations and that is contrary to controlling caselaw; (3) incorrectly treats Dr. Sharma's treatment records as an "opinion"; (4) overlooks the ALJ's rationale and mischaracterizes the Commissioner's argument as post-hoc rationalization; (5) mistakenly conflates the consistency and supportability factors; and (6) incorrectly found the ALJ should have weighed Dr. Desamour's opinion, which is contrary to the agency's regulations.

Objections at 1.

Since no party has objected to the R&R's second and third findings, that the ALJ's opinion at step five is supported by substantial evidence and that Plaintiff's constitutional claim fails, the Court adopts the R&R's analysis and recommendations as to those findings. *See* Fed. R. Civ. P. 72 advisory committee's note to 1983 addition ("Implementing the statutory requirements, the rule requires the district judge to whom the case is assigned to make a de novo determination of those portions of the report, findings, or recommendations to which timely objection is made."); *Martin v. Saul*, No. 19-23468-CIV, 2021 WL 803705, at *1 (S.D. Fla. Mar. 3, 2021), *aff'd sub nom. Martin v. Acting Comm'r of Soc. Sec.*, No. 21-11532, 2022 WL 1486387 (11th Cir. May 11, 2022) ("It does not appear that Congress intended to require district court review of a magistrate[ ] [judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.") (quoting *Thomas v. Arn*, 474 U.S. 140, 150 (1985)). However, for the reasons discussed further below, the Court determines that the ALJ appropriately weighed the treating physician's medical opinion and rejects the R&R insofar as it recommends remand of the case to the Commissioner.

## I.  BACKGROUND

The R&R recites an accurate recitation of the undisputed facts of this case, and the Court adopts the recitation as if fully set herein. *See* R&R at 2–11. The Court provides further background pertaining to the medical evidence relied upon in the ALJ's assessment of Plaintiff's RFC at issue here.

The ALJ concluded that Plaintiff has the RFC to perform light work with the following limitations: can "stand or walk for a total of four hours with normal breaks;" can "sit for a total of six hours in an eight hour workday;" "can occasionally climb ramps, stairs, ladders, scaffolds, balance, stoop, kneel, crouch, or crawl;" "can frequently reach in any direction bilaterally, including overhead, handling, fingering and feeling;" can "balance[] with the assistance of an assistive device, to wit a quad cane;" and "is limited to simple, routine, repetitive tasks." R. at 25.[2]

The ALJ "fully considered the medical opinions and prior administrative medical findings." *Id.* at 28. The ALJ first considered the opinions of the State Agency medical consultants, Donald Morford, M.D., and Ronald Gutierrez, M.D. *See id.* Both were deemed persuasive, as they were "consistent with and supported by the overall evidence of record." *Id.* Both doctors opined that Plaintiff "could lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk 4 hours in an 8-hour workday, and sit 6 hours in an 8-hour workday; occasionally climb ramps, stairs, ladders, ropes, or scaffolds; and occasionally balance, stoop, kneel, crouch, or crawl." *Id.* Among other things, their treatment notes showed that Plaintiff's "lower extremity were intact with 4/5 motor strength, light touch was intact, and reflexes were 2+." *Id.* In determining that these opinions were persuasive, the ALJ noted that "the State agency medical consultants have an understanding of Social Security disability program policies and their evidentiary requirements." *Id.*

Next, the ALJ discussed the medical opinion of Josenie Desamour, M.D., Plaintiff's treating physician. *See id.* at 28–29. In July 2019, Dr. Desamour opined that Plaintiff could "walk less than one block, sit for less than ten minutes, stand for five minutes, and . . . was unable to work." *Id.* at 28. Dr. Desamour further opined that Plaintiff was "frequently able to lift less than ten pounds" and "rarely twist, stoop, crouch, crawl, and climb stairs or ladders." *Id.* Dr. Desamour's treatment records note, however, that Plaintiff "would be reevaluated after physical therapy." *Id.* The ALJ then discussed a "more recent visit" with Khema Ram Sharma, M.D., which indicated that Plaintiff's "strength in his upper extremities was a 5/5 except for the small muscles that were a 4+/5." *Id.* Dr. Sharma determined that Plaintiff was at a 5/5 in his lower extremity, except for the toe extensor and flexors that were at a 4=/5. *See id.* Dr. Sharma found Plaintiff's

---

[2] References herein to "R. at __" are to the Social Security transcript, which can be found at ECF No. 17. The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

neuropathy to be stable, and that Plaintiff "did not need to do anything other than exercises." *Id.* at 29. Dr. Sharma advised Plaintiff "to do physical therapy, walking, and swimming, to strengthen his muscles." *Id.* at 28. The ALJ determined that "Dr. Desamour's opinion is persuasive to the extent it is consistent with the record and residual functional capacity; however, to the extent that it is more limited than the record would support, it is not as persuasive as the objective evidence." *Id.* at 29.

The ALJ concluded by noting that "the above residual functional capacity assessment in this finding is based on all of the relevant evidence in the case record." *Id.* However, no "articulation about the evidence that is inherently neither valuable nor persuasive" was provided. *Id.* The ALJ found that "[t]he relevant medical evidence and other evidence in the case record only partially support the claimant's statements regarding the alleged intensity, persistence, and limiting effects of symptoms." *Id.*

## II. ANALYSIS

Defendant objects to the R&R's conclusion that the ALJ did not provide "sufficient justification for discounting Dr. Desamour's medical opinion." *See* R&R at 17. For claims filed on or after March 27, 2017[3], an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [claimant's] medical sources." 20 C.F.R. § 404.1520c(a). Instead, an ALJ should focus on the persuasiveness of medical opinions and prior administrative findings by considering five factors: 1) supportability; 2) consistency; 3) relationship with the claimant; 4) specialization; and 5) other factors. *See* § 404.1520c(c)(1)-(5). In determining the persuasiveness of a medical opinion, the ALJ may, *but is not required to*, explain how he or she considered factors other than supportability or consistency, which are the most important factors. *See* § 404.1520c(b)(2). Under the supportability factor, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinion . . . will be." § 404.1520c(c)(1). Likewise, under the consistency factor, "[t]he more consistent a medical opinion is . . . with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the

---

[3] On February 14, 2019, Plaintiff filed a Title II application for disability insurance benefits and a Title XVI application for supplemental security income benefits, alleging a disability onset date of June 25, 2018. R. at 247, 253–54.

medical opinion(s) . . . will be." § 404.1520c(c)(2). Indeed, "the new regulation instructs [ALJs] to give a treating physician's opinion no deference and instead to weigh medical opinions based on their persuasiveness." *Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 894 (11th Cir. 2022). Not only does "[t]his new regulatory scheme no longer require[] the ALJ to assign more weight to medical opinions from a claimant's treating source[,]" the ALJ is also no longer required "to explain why good cause exists to disregard the treating source's opinion." *Glasby v. Soc. Sec. Admin., Comm'r*, No. 21-12093, 2022 WL 1214015, at *2 (11th Cir. Apr. 25, 2022).

Here, the R&R first takes issue with the weight given to Dr. Desamour's opinion and suggests that the ALJ was required to give more weight to Dr. Desamour's opinion because she was a treating physician. *See* R&R at 16. Second, the R&R found that the ALJ did not provide sufficient justification in his decision to discount Dr. Desamour's medical opinion. *See id.* at 17–19. The Court discusses each issue below.

First, to the extent that the R&R suggests that the ALJ was required to give more weight to Dr. Desamour's opinion because she was Plaintiff's treating physician, that requirement has been removed by the current regulations. *See* § 404.1520c; *Harner*, 38 F.4th at 894. Plaintiff filed his claim on February 14, 2019, thus the ALJ is no longer required to defer to Plaintiff's treating source's opinion or explain why good cause exists to disregard that opinion. *See Matos v. Comm'r of Soc. Sec.*, No. 1:20-cv-20615-JEM, 2022 WL 97144, at *4 (11th Cir. Jan. 10, 2022).

Second, the ALJ articulated sufficient reasons for finding Dr. Desamour's opinion only partially persuasive: (i) the opinion was caveated by her own treatment notes; (ii) the opinion was inconsistent with Plaintiff's "more recent visit" with Dr. Sharma; and (iii) other evidence in the record was inconsistent with Dr. Desamour's opinion concerning the severity of Plaintiff's limitations. *See* R. at 28–29. Although the ALJ did not use the specific terminology of "supportability" and "consistency" in his analysis, his discussion of Dr. Desamour's opinion and treatment notes, Dr. Sharma's evidence, and other evidence in the record was based on those factors. *See Cook v. Comm'r of Soc. Sec.*, No. 6:20-cv-1197-RBD-DCI, 2021 WL 1565832, at *5 (M.D. Fla. Apr. 6, 2021) ("While he may not have used the words 'supportability' and 'consistency,' the ALJ's discussion of [the physician's] opinions and findings regarding the record was based on those factors."), *report and recommendation adopted*, No. 6:20-cv-1197-RBD-DCI,

5

2021 WL 1565162 (M.D. Fla. Apr. 21, 2021). The Court now turns to the ALJ's three articulated reasons.

The ALJ's first reason for determining that Dr. Desamour's opinion was not fully persuasive appears to stem from Dr. Desamour's own treatment notes. Although Dr. Desamour opined that Plaintiff had severe limitations in his ability to perform the physical demands of work activities, Dr. Desamour also noted "that [Plaintiff] would be reevaluated after physical therapy." R. at 28. This directly undermines the supportability of Dr. Desamour's opinion because it indicates the possibility that physical therapy could improve Plaintiff's functional capacity. *See* § 404.1520c(c)(1); *Rodriguez v. Berryhill*, 836 F. App'x 797, 805 (11th Cir. 2020) (holding that substantial evidence supported the weight that the ALJ accorded to a physician's opinion because "the treatment notes undercut the severity of the limitations that [the physician] described"); *Hillard v. Comm'r of Soc. Sec.*, No. 19-20864-CIV, 2020 WL 5534276, at *2 (S.D. Fla. Aug. 14, 2020) (finding that the ALJ's rationale for discounting a treating physician's opinion was supported by substantial evidence because the ALJ specifically identified inconsistencies "between [the physician's] opinion and treatment notes about Plaintiff").

Moreover, the caveat that the ALJ noted in Dr. Desamour's treatment records — that Plaintiff might improve with physical therapy — when read in conjunction with the ALJ's discussion of Plaintiff's "more recent visit" with Dr. Sharma, provide sufficient rationale for the ALJ's determination that certain portions of Dr. Desamour's opinion were unpersuasive. *See* § 404.1520c(c)(2) ("The more consistent a medical opinion[] . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion . . . will be."). The Court notes that Plaintiff was initially referred to Dr. Sharma by Harold Stanley Williams, M.D., who treated Plaintiff for issues stemming from his prior gunshot injury. *See* R. at 389–398, 408. In 2014, Dr. Williams referred Plaintiff for a follow-up neurological evaluation with Dr. Sharma, who among other things, is the Director of the Neuropathy Clinic at the University of Miami Miller School of Medicine. *See id.* at 408–09. Dr. Sharma saw Plaintiff for a follow up evaluation on January 16, 2020. *See id.* at 735.

In discussing Plaintiff's latter visit with Dr. Sharma, the ALJ noted that Plaintiff had 5/5 strength in upper extremities except for small muscles that were 4+/5. *See* R. at 28. Plaintiff had a 5/5 strength in his lower extremity, except for the toe extensor and flexors that were at a 4=/5. *Id.*

6

Further, his neuropathy was stable, and he did not need to do anything other than exercises. *Id.* at 29. Therefore, the ALJ sufficiently identified records — Dr. Sharma's "more recent" medical evidence — that the ALJ determined were more persuasive than Dr. Desamour's opinion. *See Matos*, 2022 WL 97144, at *4–*5 (citing to findings from other medical providers as evidence supporting a finding that a physician's opinion was inconsistent with the record and unpersuasive); *Benjamin v. Saul*, No. 19-23691-CIV, 2020 WL 5792597, at *2 (S.D. Fla., Sept. 29, 2020) ("The [ALJ] acknowledges the record evidence and the inconsistency in Plaintiff's treating physician's own medical records and the medical records from other providers.")

Lastly, in the paragraph preceding the discussion of Dr. Desamour's opinion, *see* R. at 28, the ALJ appropriately found the opinions of Dr. Morford and Dr. Gutierrez to be persuasive because of their "knowledge with respect to the Social Security Rules and Regulations, and because their opinions were generally consistent with the overall record." *Matos*, 2022 WL 97144, at *5. The ALJ discussed both doctors' opinion that Plaintiff could lift 20 pounds occasionally and 10 pounds frequently, stand and/or walk 4 hours in an 8-hour workday, sit 6 hours in an 8-hour workday, and occasionally climb ramps, ladders, ropes, or scaffolds. *See id.* at 28. These findings, which the ALJ found to be "consistent with and supported by the overall evidence of record," provided justification for the ALJ's determination that Dr. Desamour's opinion was not persuasive "to the extent that it is more limited than the record would support." *Id.* at 28–29.

Accordingly, this Court holds that the ALJ properly articulated how he considered the supportability and consistency factors in determining that Dr. Desamour's opinion was only partially persuasive. *See Harner*, 38 F.4th at 895 (affirming district court's judgment that the ALJ "adequately accounted for his finding that the medical opinions from [claimant's] treating physicians were not persuasive"). This Court cannot and will not "'reweigh the evidence or decide facts anew,' rather than affording the requisite amount of deference to the ALJ Decision, where supported by substantial evidence in the record." *Espaillat v. Saul*, No. 19-CV-61703, 2020 WL 5087030, at *3 (S.D. Fla. Aug. 28, 2020) (citing *Baez v. Comm'r of Soc. Sec.*, 657 F. App'x 864, 868 (11th Cir. 2016)). Substantial evidence supports the ALJ's RFC finding, and remand is not necessary.

## III.  CONCLUSION

Accordingly, it is ORDERED AND ADJUDGED as follows:

1. The R&R is ADOPTED in part and REJECTED in part.
2. Plaintiff's Motion for Summary Judgement [ECF No. 20] is DENIED.
3. Defendant's Motion for Summary Judgment [ECF No. 23] is GRANTED.
4. The Administrative Law Judge's Decision is AFFIRMED.
5. To the extent not otherwise disposed of, any scheduled hearings are CANCELED, all pending motions are DENIED AS MOOT, and all deadlines are TERMINATED.
6. The Clerk of Court is directed to CLOSE this case.

Done and ordered on August 1, 2022.

PAUL C. HUCK
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Counsel of Record